B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jaclyn Stasik | Jennifer Schaeffer |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) DeFino Law Associates, P.C. 2541 S. Broad St. Philadelphia PA 19148 (215)551-9099 | **ATTORNEYS** (If Known) Cibik and Cataldo 1500 Walnut St., Suite 900 Philadelphia PA 19102 (215)735-1060 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to contest the dischargeability of a debt pursuant to 11 U.S.C. §523(a)(6), as Defendant incurred the debt through the infliction of willful and malicious injury.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $ 500,000.00
Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Jennifer Schaeffer | BANKRUPTCY CASE NO.<br>17-11784-jKF | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of PA | DIVISION OFFICE<br>Philadelphia | NAME OF JUDGE<br>Jean K. FitzSimon |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>6/23/17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Benjamin J. Simmons, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACLYN STASIK | : ADVERSARY PROCEEDING |
| 11103 Drake Drive | : |
| Philadelphia, PA 19154 | : BANKRUPTCY CASE NO. |
|     Plaintiff, | : 17-11784-jkf |
| v. | : |
| JENNIFER SCHAEFFER | : |
| 10214 Calera Road | : |
| Philadelphia, PA 19114 | : |
|     Defendant. | : |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §523(a)(6)**

### I.    PRELIMINARY STATEMENT

1.    Defendant filed for bankruptcy protection under Chapter 13 of the U.S. Bankruptcy Code on March 14, 2017, while she was the Defendant in an action to recover damages for Intentional Infliction of Emotional Distress, filed by the Plaintiff in the Philadelphia Court of Common Pleas on February 22, 2017 under Case Identification Number 170205260. Plaintiff's state court action derives from the Defendant's unlawful use of her access credentials as a nurse at Aria Hospital's Torresdale Campus to access the Plaintiff's confidential patient information, then reveal that information to the Plaintiff's boyfriend, (the Defendant's ex-boyfriend), specifically, that the Plaintiff has a medical condition which prevents her from being able to have children.

Plaintiff files this Adversary Proceeding pursuant to 11 U.S.C. §523(a)(6) to contest the dischargeability of Defendant's unsecured and unliquidated debt to the Plaintiff, as the Defendant's conduct leading to the filing of Plaintiff's state court action was indisputably willful and malicious. Accessing and unlawfully disclosing Plaintiff's protected medical information was only one of many misdeeds Defendant performed in a

months-long campaign of harassment against the Plaintiff and her boyfriend, which ultimately resulted in the issuance of a Protection from Abuse Order against the Defendant by the Plaintiff's boyfriend, and the Defendant's May 2017 arrest for Contempt of Court for violation of that Order. The willfulness of Defendant's violation of Plaintiff's patient privacy is further evidenced by Defendant's termination from employment with Aria Hospital as a direct result of that violation. The Plaintiff therefore requests that this Honorable Court grant judgment in her favor and against the Defendant, and exempt Plaintiff's claim against the Defendant from discharge in Defendant's pending, above-captioned bankruptcy case.

## II.  JURISDICTION

2. This Court has jurisdiction to hear and determine all core proceedings under Title 11 of the United States Code.[1] A proceeding to determine the dischargeability of a particular debt is considered a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

3. This Court has jurisdiction over the Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

## III.  PARTIES

4. Plaintiff Jaclyn Stasik is an adult individual residing at 11103 Drake Drive, Philadelphia, Pennsylvania 19154.

5. Defendant Jennifer Schaeffer is an adult individual residing at 10214 Calera Road, Philadelphia, Pennsylvania 19114.

## IV.  FACTUAL ALLEGATIONS

6. Plaintiff instituted an action against the Defendant in the Philadelphia County Court of Common Pleas on February 22, 2017[2] to recover damages for

---

[1] 28 U.S.C. §§157(b)(1) and (b)(3)

Intentional Infliction of Emotional Distress, arising from Defendant's willful and malicious abuse of her patient information access credentials as a nurse at Aria Hospital's Torresdale Campus to unlawfully access Plaintiff's protected medical information on July 17, 2016, and then disclose that information - specifically, that Plaintiff is incapable of having children - to the Plaintiff's boyfriend, who is the Defendant's ex-boyfriend, in order to harm the Plaintiff and try to destroy the Plaintiff's relationship with her boyfriend.

7. The willfulness of Defendant's actions as set forth above is further evidenced by a letter written from Aria Hospital to Plaintiff on September 12, 2016 confirming that Defendant improperly accessed Plaintiff's patient information[3]; Defendant has since been terminated by Aria Hospital.

8. Defendant's violation of Plaintiff's protected medical information on July 17, 2016 is only one example of numerous willful and malicious actions the Defendant has undertaken in an extensive campaign of harassment against the Plaintiff and her boyfriend, which has resulted in the issuance of a Protection from Abuse Order against the Defendant by the Plaintiff's boyfriend, and the Defendant's May 2017 arrest for Contempt of Court for violation of that Order.

9. Defendant was served with a copy of the state court Complaint on February 26, 2017, and filed a Voluntary Petition for bankruptcy under Chapter 13 of the U.S. Bankruptcy Code in this Court on March 14, 2017, less than three weeks after receiving service of the state court Complaint.

---

[2] A copy of Plaintiff's state court Complaint is enclosed as "Exhibit A."
[3] A copy of this letter is attached as "Exhibit B."

10. Defendant's Counsel has since asserted an automatic stay of the pending state court proceedings pursuant to 11 U.S.C. §362(a).

### COUNT I - NON-DISCHARGEABILITY OF PLAINTIFF-CREDITOR'S UNLIQUIDATED DAMAGES CLAIM AGAINST DEFENDANT-DEBTOR

11. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

12. Bankruptcy Code §523(a)(6) provides, in relevant part, that:

> "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity

13. All or part of the Defendant-Debtor's debt to the Plaintiff-Creditor is non-dischargeable pursuant to §523(a)(6), as the Defendant's actions regarding the state court action were willful and malicious, and caused injury to the Plaintiff as set forth in the state court Complaint in Civil Action, attached as "Exhibit A" and hereby incorporated by reference.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order determining that the Defendant's unsecured and unliquidated debt to the Plaintiff is non-dischargeable under Bankruptcy Code §523(a)(6) or, in the alternative, denying the Defendant's discharge under the relevant portions of the Bankruptcy Code, and granting Plaintiff such other and further relief as this Court may deem appropriate.

DEFINO LAW ASSOCIATES, P.C.

By: _____
Benjamin J. Simmons, Esq.
*Attorney for Plaintiff-Creditor*

# Exhibit A

**DEFINO LAW ASSOCIATES, P.C.**
By: Benjamin J. Simmons, Esq.
PA Bar ID #314855
2541 South Broad Street
Philadelphia, PA 19148
Tel: (215) 551-9099
Fax: (215) 551-4099

*Filed and Attested by the
Office of Judicial Records
22 FEB 2017 12:57 pm
K. EDWARDS*

**Attorney for Plaintiff**

| | | |
|---|---|---|
| JACLYN STASIK | : | PHILADELPHIA COUNTY |
| 11103 Drake Drive | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19154 | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | |
| v. | : | |
| JENNIFER SCHAEFFER | : | |
| 10214 Calera Road | : | |
| Philadelphia, PA 19114 | : | |
| and | : | |
| ARIA HEALTH SYSTEM | : | |
| 10800 Knights Road | : | |
| Philadelphia, PA 19114 | : | |
| Defendants. | : | |

## NOTICE

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.** | **LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.** |
| **LAWYER REFERENCE SERVICE**<br>**1101 MARKET STREET, 11TH FLOOR**<br>**PHILADELPHIA, PA 19107-2911**<br>**(215)238-6333** | **SERVICIO DE REFERENCIA LEGAL**<br>**1101 MARKET STREET, 11TH FLOOR**<br>**FILADELFIA, PA 19107-2911**<br>**(215) 238-6333** |

Case ID: 170205260

**DEFINO LAW ASSOCIATES, P.C.**
**By: Benjamin J. Simmons, Esq.**
**PA Bar ID #314855**
**2541 South Broad Street**
**Philadelphia, PA 19148**
**Tel: (215) 551-9099**
**Fax: (215) 551-4099**                                        Attorney for Plaintiff

| | | |
|---|---|---|
| JACLYN STASIK | : | PHILADELPHIA COUNTY |
| 11103 Drake Drive | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19154 | : | CIVIL TRIAL DIVISION |
|         Plaintiff, | : | |
| v. | : | |
| JENNIFER SCHAEFFER | : | |
| 10214 Calera Road | : | |
| Philadelphia, PA 19114 | : | |
|         and | : | |
| ARIA HEALTH SYSTEM | : | |
| 10800 Knights Road | : | |
| Philadelphia, PA 19114 | : | |
|         Defendants. | : | |

## COMPLAINT IN CIVIL ACTION

1.  Plaintiff is an adult individual residing at the above-captioned address.

2.  Defendant Jennifer Schaeffer is an adult individual residing, upon information and belief, at the above-captioned address, and was at all times relevant hereto an employee of Defendant Aria Health System and was given access to confidential patient medical information as a part of her duties as an employee for same.

3.  Defendant Aria Health System ("Aria") is a non-profit organization duly registered in Pennsylvania which has its principal place of business at its Torresdale hospital campus at the above-captioned address, and was at all times relevant hereto the employer of Defendant Jennifer Schaeffer and was responsible for the training, supervision, and discipline of Ms. Schaeffer so as to ensure that she performed her job duties with appropriate care for the protection of patient confidentiality.

Case ID: 170205260

4. Sometime prior to July 17, 2016, Plaintiff's boyfriend, Jorge Camilo, was involved in a romantic relationship with Defendant Schaeffer, which ended on bad terms following a prolonged pattern of abusive behavior toward Mr. Camilo on the part of Ms. Schaeffer, which continued up to and beyond July 17, 2016, and of which Defendant Aria was or had reason to be aware prior to such date.

5. In or about May 2016, Defendant Schaeffer was served at her place of employment, Defendant Aria's Torresdale location, with a Notice of Hearing regarding an application submitted to Philadelphia Family Court by Mr. Camilo for a Temporary Protection from Abuse Order due to Defendant Schaeffer's continued abusive behavior toward him.

6. Upon information and belief, Defendant Schaeffer's supervisor and/or other colleagues was/were aware that she had been served with the above-mentioned Notice of Hearing, and was/were substantially aware of the allegations underlying same.

7. Also sometime prior to July 17, 2016, Plaintiff received medical treatment as a patient at Defendant Aria's Torresdale location at 10800 Knights Road, during which time a medical history was taken of her, which noted that Plaintiff suffers from endometriosis and is incapable of bearing children.

8. On July 17, 2016, Defendant Schaeffer unlawfully and intentionally accessed Plaintiff's confidential medical information through the medical record management system maintained by Defendant Aria, using access credentials provided to her by Defendant Aria, for purposes of obtaining information she could use to harass and embarrass the Plaintiff in furtherance of her campaign of abuse against Mr. Camilo.

Case ID: 170205260

9. Defendant Aria has since admitted that Defendant Schaeffer did in fact improperly access Plaintiff's confidential medical information through its records management system.

10. Sometime after July 17, 2016, Defendant Schaeffer contacted Mr. Camilo and revealed to him that Plaintiff had endometriosis and could not bear children, knowing that Plaintiff had not yet made Mr. Camilo aware of such information, and knowing that it would cause Plaintiff undue and excessive anxiety and embarrassment, as well as severe emotional distress.

11. At all times relevant to the events giving rise to this cause of action, Defendant Aria had the ability to restrict Defendant Schaeffer's access to Plaintiff's and other individuals' confidential medical information, but failed to do so, despite knowing or having reason to know that Defendant Schaeffer would or was likely to access and use such information for improper purposes.

**Count I - Intentional Infliction of Emotional Distress - Plaintiff v. Jennifer Schaeffer**

12. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

13. Defendant Jennifer Schaeffer's conduct with regard to the dissemination of Plaintiff's confidential medical information was extreme and outrageous, intentional and/or reckless, and caused the Plaintiff severe emotional distress, anxiety, and embarrassment.

14. Defendant Jennifer Schaeffer's conduct was so outrageous as to warrant the imposition of punitive damages.

Case ID: 170205260

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor and against Defendant Jennifer Schaeffer in an amount in excess of Fifty-Thousand Dollars ($50,000.00).

**Count II - Negligent Supervision - Plaintiff v. Defendant Aria Health System**

15. Plaintiff hereby incorporates all preceding paragraphs as though same were set forth at length hereafter.

16. At all times relevant to the events giving rise to this action, Defendant Aria Health System was the employer of Defendant Schaeffer, and had the right and ability to supervise and restrict her access to patient confidential medical information, and negligently and/or recklessly failed to do so in regard to Ms. Schaeffer, despite knowing or having reason to know that she would, or had a propensity to, access and disseminate Plaintiff's confidential medical information for unlawful and improper purposes.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in her favor and against Defendant Aria Health System in an amount in excess of Fifty-Thousand Dollars ($50,000.00).

Respectfully Submitted,

DEFINO LAW ASSOCIATES, P.C.

By: _____
Benjamin J. Simmons, Esq.
*Attorney for Plaintiff*

Case ID: 170205260

## **VERIFICATION**

    I, Benjamin J. Simmons, Esquire, hereby certify that I am the attorney for the Plaintiff in the above-captioned action, and that the facts and averments in this Complaint in Civil Action are true and correct to the best of my knowledge, information, and belief. I understand this verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Date:  2/22/17

Benjamin J. Simmons, Esq.

# Exhibit B

**ARIA** HEALTH

10800 KNIGHTS ROAD
PHILADELPHIA, PA 19114
P: 215-612-4000
WWW.ARIAHEALTH.ORG

KATHLEEN KINSLOW, CRNA, EdD, MBA
PRESIDENT AND CEO

September 12, 2016

Ms. Jaclyn Stasik
11103 Drake Drive
Philadelphia, PA 19154

Re: Unauthorized Access to Medical Record

Dear Ms. Stasik:

I am writing in response to your request for additional information related to my letter dated September 8, 2016 (copy attached) in which I notified you that your protected health information had been inappropriately accessed by an Aria-Jefferson Health ("Aria") employee.

As I mentioned in my previous letter, after having received your complaint, Aria conducted an investigation into your concern and confirmed that your health information had been inappropriately accessed by an Aria employee on July 17, 2016. However, in accordance with Aria's information privacy policies I did not disclose the name of that employee.

Subsequent to your receipt of my notification letter, you asked that I send you a revised letter specifically identifying the employee who we found had accessed your information. Because in your initial complaint, you identified an Aria employee who you suspected may have inappropriately accessed your information, I am able to make an exception to Aria's policy and can confirm for you that Jennifer Schaeffer is the Aria employee who accessed your patient information without your authorization.

Please feel free to contact me if you have additional questions or concerns.

Sincerely,

Stephen J. Boff
Chief Compliance Officer

Enclosure

cc: Santo Caruso

Frankford Campus: 4900 Frankford Avenue • Philadelphia, PA 19124
Torresdale Campus: 10800 Knights Road • Philadelphia, PA 19114
Bucks County Campus: 380 North Oxford Valley Road • Langhorne, PA 19047
The Pavilion: 9501 Roosevelt Boulevard/2451 Grant Avenue • Philadelphia, PA 19114
The Professional Court: 10160 Bustleton Avenue • Philadelphia, PA 19116